UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PARAGON FREIGHT SYSTEMS, LLC, | Civil No. 20-2023 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS** |
| RIVER CITY INSURANCE AGENCY, INC. and ROGER OVERBEY, *individually*, | |
| Defendants. | |

Jason E. Engkjer, **DEWITT LLP**, 2100 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402, for plaintiff;

Jessica C. Richardson, Kelly P. Magnus, and Rolf E. Sonnesyn, **TOMSCHE, SONNESYN & TOMSCHE PA**, 8401 Golden Valley Road, Suite 250, Minneapolis, MN 55427, for defendants.

Plaintiff Paragon Freight Systems, LLC ("Paragon") filed an action against River City Insurance Agency, Inc. ("River City") and Roger Overbey, a licensed insurance producer for River City (collectively, "Defendants"). The Complaint alleges one count of negligence and one count of breach of fiduciary duty related to the lapse of an insurance policy that Defendants managed on Paragon's behalf, which allegedly left Paragon's fleet without coverage and required Paragon to temporarily cease business operations. Defendants filed a Motion to Dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, for a change of venue. Because the Court finds that venue is proper in Minnesota and that Defendants have not met their burden of demonstrating

-1-

that transfer to the Eastern District of Missouri is more convenient or would further the interests of justice, the Court will deny Defendants' Motion.

## BACKGROUND

### I.     FACTUAL BACKGROUND

Paragon is a for-hire motor carrier. (Compl. ¶ 7, Sept. 22, 2020, Docket No. 1.) As a for-hire motor carrier, Paragon is required by United States Department of Transportation regulations to carry a minimum of $750,000 in public liability insurance and may not operate without the required insurance. (*Id.* ¶¶ 8–9; *see also* 49 C.F.R. §§ 387.7, 387.9.) To maintain the necessary insurance coverage, Paragon worked with and was advised by Roger Overbey, a licensed insurance agent employed by River City. (*Id.* ¶ 11.) River City is an insurance corporation that specializes in insurance coverage for the trucking industry. (*Id.* ¶¶ 10–11.)

During the relevant period, Paragon's required insurance policy was issued by Progressive Insurance Company ("Progressive"). (*Id*. ¶ 12.) In spring 2020, Progressive notified Paragon and Defendants that it intended to cancel Paragon's insurance coverage effective June 23, 2020. (*Id*. ¶ 13.) Paragon alleges that Overbey assured Paragon that River City would be able procure insurance before the June 23 deadline. (*Id*. ¶ 14.) According to Paragon, Overbey advised that Progressive would ultimately renew coverage, but  meanwhile Overbey procured a second quote from National Indemnity Company ("NICO"). (*Id*. ¶¶ 14–16.)

Paragon alleges that Overbey recommended against purchasing coverage from NICO because renewing the Progressive coverage would be significantly less expensive. (*Id.* ¶ 16.) After Paragon expressed concern about waiting to secure coverage, Overbey assured Paragon that the delay in receiving coverage from Progressive was merely administrative and would be resolved in time, and that NICO would not rescind its offer. (*Id*. ¶¶ 16–18.)  Progressive did not renew coverage, NICO rescinded its quote, and Paragon was left without insurance beginning on June 23, 2020.  (*Id*. ¶¶ 19–20.)

On June 23, the affected equipment remained in operation but without required insurance, which created significant financial and regulatory risk for Paragon.  (*Id*. ¶ 20.) Paragon was then forced to shut down its operation, which Paragon alleges led to a loss of business, harm to customer relationships, and drivers to quit. (*Id*. ¶¶ 20–21.) Paragon alleges that Overbey and River City mischaracterized the possibility of Progressive renewing coverage in communications with Paragon, that Defendants knew or should have known that Progressive would not renew coverage, and that Defendants' acts and omissions resulted in significant damage to Paragon's business operations.  (*Id*. ¶¶ 20–23.)

## II.     FACTS RELATED TO VENUE

River City is a Missouri corporation with its principal place of business in Missouri. (*Id.* ¶ 2.)  Overbey is a Missouri registered insurance agent with River City and a resident of Missouri.  (Aff. of Roger Overbey ("1st Overbey Aff.") ¶ 1, Jan. 14, 2021, Docket No. 17;

Compl. ¶ 3.) River City and Overbey are also licensed with the Minnesota Department of Commerce to sell insurance in Minnesota. (Decl. of Jeremy Lee ("Lee Decl.") ¶ 6, Feb. 4, 2021, Docket No. 22.)

Paragon is a Minnesota corporation with a registered office and principal place of business in Trail, Minnesota. (Aff. of Kelly P. Magnus ¶ 1, Ex. 1 ("Paragon Business Filing") at 1, Feb. 18, 2021, Docket No. 24-1.) Paragon operates in multiple states including Minnesota and Missouri. (Lee Decl. at ¶ 2.) Paragon President Jeremy Lee is a resident of Trail, Minnesota, (*id.* at ¶ 1), and maintains an address in Arkansas, (*see* Paragon Business Filing at 1).

Lee attests that River City's and Overbey's ability to sell insurance in Minnesota was a significant factor in Paragon's decision to conduct business with Defendants, and that Overbey touted his Minnesota licensure in advertising his services to Paragon. (Lee Decl. ¶¶ 5–6.) Overbey asserts that neither he, nor anyone else at River City, has conducted business with Paragon while physically in Minnesota, and that all his work for Paragon occurred while he was in Missouri. (1st Overbey Aff. ¶¶ 6, 8.) Most of Overbey's communications with Paragon were directed at Paragon's Minnesota offices and Overbey directed correspondence and insurance documents to Paragon's Minnesota address. (*See, e.g.*, *Id.* at ¶ 2, Ex. 1 ("Policy Declarations") at 1, 10, Jan. 14. 2021, Docket No. 17-1; 2nd Aff. of Roger Overbey ("2nd Overbey Aff.") at 2, Feb. 18, 2021, Docket No. 25; 2nd Overbey Aff., Ex. 1 at 1–2, Ex. 4 at 6, Feb. 18, 2021, Docket No. 25-1.)

The Progressive policy that insured Paragon prior to its termination was generated in Missouri, though the policy provided interstate coverage to Paragon's vehicles. (Policy Declarations at 3–8; *see also* 2nd Overbey Aff. at 2.) All of Paragon's equipment is registered and plated in Minnesota with approximately seventy percent of its equipment located in Minnesota, (Lee Decl. at ¶ 3); however, Overbey asserts that the vehicles affected by the policy cancellation were garaged in Missouri, and the drivers listed on the policy have Missouri-issued commercial drivers' licenses, (*see* 1st Overbey Aff. at ¶¶ 4–5; Policy Declarations at 3–8). Paragon also used River City to obtain a Workers Compensation and Employers Liability Insurance policy for its employees in Minnesota and Missouri. (*See* 2nd Overbey Aff. at 2, Ex. 4 at 12, Feb. 18, 2021, Docket No. 25-1; Lee Decl. ¶ 7.)

Paragon asserts that Defendants solicited Paragon's business and sold insurance to Paragon in Minnesota, Overbey gave advice and recommendations to Paragon in Minnesota, and that Paragon detrimentally relied on Overbey's advice in making decisions that ultimately impacted their operations in Minnesota. (Compl. ¶¶ 20–22; Lee Decl. at ¶¶ 7, 10–11.)

### III.   PROCEDURAL BACKGROUND

On September 22, 2020, Paragon filed suit against River City and Overbey in the District of Minnesota, alleging one count each of negligence and breach of fiduciary duty. (Compl. ¶¶ 24–38.) Defendants filed their Answer, (*see* Answer, Oct. 6, 2020, Docket No.

5), and subsequently moved to dismiss for improper venue or, in the alternative, to transfer venue to the Eastern District of Missouri, (Mot. Dismiss or Change Venue, Jan. 14, 2021, Docket No. 15).

## DISCUSSION

### I. MOTION TO DISMISS FOR IMPROPER VENUE

#### A. STANDARD OF REVIEW

Rule 12(b)(3) provides that a party may move to dismiss a claim if it is filed in an improper venue. Fed. R. Civ. P. 12(b)(3). A defendant who seeks dismissal pursuant to Rule 12(b)(3) "bears the burden of demonstrating that the plaintiff's chosen venue lacks a sufficient connection to the parties' dispute." *Advanced Logistics Consulting, Inc. v. C. Enyeart LLC*, No. 09-720, 2009 WL 1684428, at *2 (D. Minn. June 16, 2009) (citing *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947). "To satisfy this burden, the defendant must submit affidavits or other evidence defeating venue in the chosen forum." *Luckey v. Alside, Inc.*, No. 15-2512, 2016 WL 1559569, at *2 (D. Minn. Apr. 18, 2016) (quotation omitted). The Court may therefore consider matters outside the pleadings, as relevant to the venue analysis. *Id*. The Court construes all facts in favor of the non-moving party. *Howard v. Judge Law Firm*, No. 09-1644, 2010 WL 2985686, at *2 (D. Minn. July 26, 2010).

#### B. VENUE PURSUANT TO 28 U.S.C. § 1391

In all civil actions, venue is governed by 28 U.S.C. § 1391, which establishes, as relevant here, that venue is proper in "a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). One of the primary functions of statutory venue is to ensure that a defendant is not "haled into a remote district having no real relationship to the dispute." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (quotation omitted).

Venue may be proper in a number of districts, if a substantial part of the events giving rise to the claim occurred there. *Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014). When determining whether a substantial part of the events occurred in a forum, "the court's *focus* must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Id.* at 703. The Court may consider all relevant activities of the defendant and is not limited to "*only* consider[ing] the defendant's allegedly wrongful activities." *Id.*

### C. ANALYSIS

Defendants contend that venue is improper in the District of Minnesota because the significant events or omissions giving rise to the claim occurred in Missouri: River City is an insurance agency located in Missouri, Overbey is an insurance agent doing business from Missouri, the lapsed insurance policy was purchased in Missouri, and the truck fleet that lost coverage when the policy lapsed was located in Missouri. The parties do not dispute that Missouri would be a suitable venue for these claims. However, the Court does not "ask which district among two or more potential forums is the best venue." *Id.* at 702 (quotation omitted). Rather, the Court is concerned with "whether the district the

plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994).

Defendants argue that, based on *Woodke* and *Steen*, Paragon has not demonstrated that Defendants' relevant activities establish venue in the District of Minnesota. In *Woodke*, the Eighth Circuit addressed venue in the context of a Lanham Act claim for "reverse passing off," or unauthorized removal of a product's identifying marks prior to resale. 70 F.3d at 985. The Court found that the district in which a defendant had manufactured the disputed products was not legally relevant to the specific conduct that would violate the Lanham Act and therefore did not establish venue in that district. *Id.* at 985–86. In *Steen*, the plaintiffs alleged legal malpractice related to a purchase agreement that was drafted by attorneys in Nebraska for land that plaintiffs owned in Iowa. 770 F.3d at 703. There, the defendants' purportedly wrongful conduct occurred within this single node of interaction, and the Eighth Circuit found that venue was proper only in Nebraska, where the alleged malpractice occurred. *Id.* at 703–04.

Here, Paragon states claims for negligence and breach of fiduciary duty, which are distinguishable from the specific Lanham Act claims in *Woodke* and the factual scenario presented in *Steen*. Paragon has alleged that there was a clear fiduciary relationship between Defendants and Paragon, that Overbey's advice breached Defendants' duty to Paragon, and that Paragon suffered harm as a result of Defendants' breach and negligence. Because the alleged fiduciary relationship is essential to Paragon's claims,

Defendants' conduct establishing that relationship in Minnesota, rendering advice to Paragon in Minnesota, and encouraging Paragon's reliance upon that advice is relevant to the Court's venue analysis. *See, e.g.*, *Transocean Grp. Holdings Pty Ltd. v. South Dakota Soybean Processors, LLC*, 505 F. Supp. 2d 573, 576 (D. Minn. 2007).

Further, contrary to the facts in *Steen*, Paragon's claims do not arise from a single transaction, but from a long-standing business relationship through which the Defendants facilitated the purchase of multiple insurance policies on Paragon's behalf and allegedly developed Paragon's trust and reliance. Defendants are licensed in Minnesota, developed a business relationship with a Minnesota company, conducted business with Paragon in Minnesota over time, and, in the context of that business relationship, provided advice to the Minnesota company that was the locus of the alleged injury.

Although Defendants were physically located in Missouri, their relevant activities—retaining, advising, and coordinating insurance coverage for Paragon—occurred equally in, and were directed at, Minnesota. Therefore, the venue of Minnesota is not a "remote district having no relationship to the dispute," and neither is it merely the locale in which the plaintiff suffered harm. *Woodke*, 70 F.3d at 985. Rather, the District of Minnesota is where Defendants chose to do business, obtained licensure to secure business from Minnesota companies, and engaged in business activities to conduct business. Construing the facts in favor of the non-moving party, the Court finds that venue is proper in the District of Minnesota and will therefore deny Defendants' motion.

**II.     MOTION TO TRANSFER VENUE**

Defendants alternatively argue that this action should be transferred to the Eastern District of Missouri. Although the Court has found that venue is proper in the District of Minnesota, the Court has discretion to transfer a civil action to any other district or division where it might have been brought, if the alternate venue is more convenient for parties and witnesses. 28 U.S.C. § 1404(a).[1]

**A.  STANDARD OF REVIEW**

When deciding a motion to transfer under § 1404(a), the Court considers (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice, and may balance a number of case-specific factors. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Court gives "considerable deference" to a plaintiff's forum choice, and the burden of demonstrating that transfer is warranted under § 1404(a) lies with the moving party. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "[T]he purpose of [§ 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation

---

[1] Defendants assert arguments for transfer of venue pursuant to both 28 U.S.C. §§ 1404 and 1406. If the Court determines that venue is improper but that transfer instead of dismissal is warranted in the interest of justice, it may transfer the case under § 1406(a). *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 58 (2013). However, because the Court finds that venue is proper in Minnesota, it will only address Defendants' arguments for transfer pursuant to § 1404.

omitted).  Thus, "the moving party must show that the balance of these factors strongly favors transfer."  *Luckey*, 2016 WL 1559569, at *4 (quotation omitted).

### B. ANALYSIS

#### 1. Convenience

Regarding the convenience of the parties, Paragon favors maintaining venue in the District of Minnesota, while Defendants prefer the Eastern District of Missouri.  As applied to witnesses, the Parties are similarly divided: Paragon asserts that Minnesota is a more convenient venue for its employees with knowledge of the claims, while Defendants argue that Missouri is more convenient for both Defendants and at least one of Paragon's party-witnesses based on its Rule 26 disclosures.

When considering the convenience of witnesses, the sheer number of witnesses in each forum may be a factor but is not dispositive.  *Terra Int'l*, 119 F.3d at 696.  Moreover, courts assume that employees of the parties will voluntarily appear in a foreign forum and therefore focus instead on the convenience to non-party witnesses.  *Advanced Logistics Consulting*, 2009 WL 1684428, at *5.

At this stage in the litigation, it is unclear to the Court whether a significant number of non-party witnesses would find Missouri to be more convenient than Minnesota.  Section 1404(a) provides for transfer to a **more** convenient forum; offering an equally convenient forum or shifting inconvenience from one party to another is an insufficient basis for transfer.  *Graff v. Qwest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D.

Minn. 1999) (citing *Van Dusen*, 376 U.S. at 646).  Based on the parties' pleadings and supporting documentation, the Court finds that Defendants have not met their burden of demonstrating that transfer to Missouri is warranted with regard to the convenience factors.

### 2. Interest of Justice

When considering the interest of justice, courts may take a broad range of factors into account, including judicial economy, plaintiff's choice of forum, costs of litigation in each forum, ability to enforce a judgment, obstacles to a fair trial, conflict of law, and the advantages of having local courts determine local law.  *See Terra*, 119 F.3d at 696.  The parties have not addressed choice of law conflicts, and neither have they asserted that either venue presents obstacles to a fair trial, ability to enforce the judgment, or would increase costs of litigation.  Defendants may bear a cost associated with bringing employee-witnesses to the District of Minnesota for hearings and trials, but were the Court to grant transfer, these costs would merely be displaced onto Paragon.  *See Luckey*, 2016 WL 1559569, at *5.  Further, Paragon's choice of venue is entitled to deference and judicial economy favors proceeding with the case in the present venue.

The Court finds that the balance of factors do not strongly favor transfer and that transfer would merely shift the inconvenience from one party to the other.  The Court will therefore deny Defendants' request.

## CONCLUSION

The Court finds that venue is proper in the District of Minnesota because a substantial portion of the events or omissions giving rise to the claims occurred in this district. The Court will therefore deny Defendants' Motion to Dismiss. The Court also finds that Defendants have not established that transfer to Missouri would be more convenient for parties and witnesses or further the interests of justice, and will accordingly deny Defendants' alternative request for a § 1404(a) transfer of venue.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss or Change Venue [Docket No. 15] is **DENIED.**

DATED: August 17, 2021
at Minneapolis, Minnesota.

_____John H. Tunheim_____
JOHN R. TUNHEIM
Chief Judge
United States District Court